IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COSMO TECHNOLOGIES LIMITED, VALEANT PHARMACEUTICALS INTERNATIONAL, and VALEANT PHARMACEUTICALS LUXEMBOURG S.À R.L., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 15-669 (LPS) |
| LUPIN LTD. and LUPIN PHARMACEUTICALS, INC., | ) ) ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

Plaintiffs Cosmo Technologies Limited ("Cosmo"), Valeant Pharmaceuticals International ("VPI"), and Valeant Pharmaceuticals Luxembourg S.à r.l. ("Valeant S.à r.l.") (collectively, "Plaintiffs"), for their Second Amended Complaint against Defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc. ("LPI") (collectively, "Lupin"), hereby allege as follows:

## PARTIES

1.      Plaintiff Cosmo is an Irish corporation, having its principal place of business at Riverside II, Sir John Rogerson's Quay, Dublin 2, Ireland.

2.      Plaintiff VPI is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 400 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.

3.      Plaintiff Valeant S.à r.l. is a Luxembourg corporation, having its principal place of business at 13-15 Avenue de la Liberté, L-1931 Luxembourg, Grand Duchy of Luxembourg.

1

4.       Upon information and belief, Lupin Ltd. is an Indian corporation having a principal place of business at Laxmi Towers, B Wing, Bandra Kurla Complex, Bandra (E), Mumbai 400 051, India.  Upon information and belief, Defendant Lupin Ltd., itself and through its wholly owned subsidiary LPI, develops, manufactures, and packages numerous generic versions of branded pharmaceutical products for sale and use throughout the United States, including in this judicial District.

5.       Upon information and belief, LPI is a wholly owned subsidiary and agent of Lupin Ltd. and is a corporation organized and existing under the laws of the Commonwealth of Virginia, having a principal place of business at Harborplace Tower, 111 South Calvert Street, 21st Floor, Baltimore, Maryland 21202.  Upon information and belief, Defendant LPI is the United States marketing and sales agent for Lupin Ltd., and is engaged in the sale and distribution of generic versions of branded pharmaceutical products throughout the United States, including in this judicial District.

## NATURE OF THE ACTION

6.       This is a civil action for infringement of U.S. Patent No. 7,410,651 ("the '651 patent"), U.S. Patent No. RE 43,799 ("the '799 patent"), U.S. Patent No. 8,784,888 ("the '888 patent") and U.S. Patent No. 9,320,716 ("the '716 patent") (collectively, "patents-in-suit").  This action arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*.

## JURISDICTION AND VENUE

7.       This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over both Defendants Lupin Ltd. and LPI by virtue of, *inter alia*, the fact that they have committed, or aided, abetted, contributed to, and/or participated in the commission of, the tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs, including, *inter alia*, Plaintiff VPI, which is a Delaware corporation.

9.      This Court has personal jurisdiction over Defendant Lupin Ltd. for the further reasons that, *inter alia*, Lupin Ltd. (1) has substantial, continuous, and systematic contacts with this State; (2) intends to market, sell, and/or distribute generic pharmaceutical drug products to residents of this State, including the generic product that is the subject of ANDA No. 208344; (3) intentionally markets and sells generic pharmaceutical drug products to residents of this State; (4) maintains a broad distributorship network within this State; and (5) enjoys substantial income from sales of its generic pharmaceutical products in this State.

10.     Additionally, this Court has personal jurisdiction over Defendant Lupin Ltd. because Lupin Ltd. has been sued multiple times in this District without challenging personal jurisdiction, and Lupin Ltd. has affirmatively availed itself of the jurisdiction of this Court by filing counterclaims in this District. *See, e.g.*, *iCeutica Pty Ltd. v. Lupin Ltd.*, 14-cv-01515, D.I. 9 (D. Del. Feb. 27, 2015); *Forest Labs., LLC v. Lupin Ltd.*, 14-cv-01058, D.I. 15 (D. Del. Sept. 8, 2014); *ViiV Healthcare UK Ltd. v. Lupin Ltd.*, 14-cv-00369, D.I. 10 (D. Del. June 12, 2014).

11.     This Court has personal jurisdiction over Defendant LPI for the further reasons that, *inter alia*, LPI (1) has substantial, continuous, and systematic contacts with this State; (2) has appointed National Registered Agents, Inc. of 160 Greentree Dr. Ste. 101, Dover, Delaware 19904 as an agent for service of process in this State; (3) intends to market, sell, and/or distribute generic pharmaceutical drug products to residents of this State, including the generic

product that is the subject of ANDA No. 208344; (4) intentionally markets and sells generic pharmaceutical drug products to residents of this State; (5) maintains a broad distributorship network within this State; and (5) enjoys substantial income from sales of its generic pharmaceutical products in this State.

12.     Additionally, this Court has personal jurisdiction over Defendant LPI because LPI has been sued multiple times in this District without challenging personal jurisdiction.  LPI has also affirmatively availed itself of the jurisdiction of this Court by filing counterclaims in this District.  *See, e.g.*, *iCeutica Pty Ltd. v. Lupin Ltd.*, 14-cv-01515, D.I. 9 (D. Del. Feb. 27, 2015); *Forest Labs., LLC v. Lupin Ltd*., 14-cv-01058, D.I. 15 (D. Del. Sept. 8, 2014); *ViiV Healthcare UK Ltd. v. Lupin Ltd*., 14-cv-00369, D.I. 10 (D. Del. June 12, 2014); *Teijin Ltd. v. Lupin Ltd.*, 14-cv-00184, D.I. 20 (D. Del. Apr. 1, 2014).

13.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

14.     On August 12, 2008, the '651 patent, titled "Controlled Release and Taste Masking Oral Pharmaceutical Composition," was duly and legally issued.  A copy of the '651 patent is attached hereto as Exhibit A.

15.     Cosmo is the present owner of the '651 patent.  Valeant S.à r.l. holds an exclusive license to the '651 patent.  Valeant S.à r.l. is the successor-in-interest to Santarus, Inc.

16.     On November 13, 2012, the '799 patent, titled "Controlled Release and Taste Masking Oral Pharmaceutical Composition," was duly and legally reissued.  A copy of the '799 patent is attached hereto as Exhibit B.

17.     Cosmo is the present owner of the '799 patent.  Valeant S.à r.l. holds an exclusive license to the '799 patent.  Valeant S.à r.l. is the successor-in-interest to Santarus, Inc.

18.     On July 22, 2014, the '888 patent, titled "Controlled Release and Taste Masking Oral Pharmaceutical Composition," was duly and legally issued.  A copy of the '888 patent is attached hereto as Exhibit C.

19.     Cosmo is the present owner of the '888 patent.  Valeant S.à r.l. holds an exclusive license to the '888 patent.  Valeant S.à r.l. is the successor-in-interest to Santarus, Inc.

20.     On April 26, 2016, the '716 patent, titled "Controlled Release and Taste Masking Oral Pharmaceutical Compositions," was duly and legally issued.  A copy of the '716 patent is attached hereto as Exhibit D.

21.     Cosmo is the present owner of the '716 patent.  Valeant S.à r.l. holds an exclusive license to the '716 patent.  Valeant S.à r.l. is the successor-in-interest to Santarus, Inc.

## ACTS GIVING RISE TO THIS ACTION

22.     VPI, the successor-in-interest to Santarus, Inc., holds New Drug Application ("NDA") No. 203634 for oral tablets containing 9 mg of the active ingredient budesonide, which are sold in the United States under the brand name "Uceris®."  Uceris® is indicated for the induction of remission in patients with active, mild to moderate ulcerative colitis.

23.     Pursuant to 21 U.S.C. § 355(b)(1), the '651 patent, the '799 patent, the '888 patent, and the '716 patent are listed in the U.S. Food and Drug Administration's ("FDA") publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") as covering Uceris® and its method of use.

24.     Upon information and belief, Lupin submitted Abbreviated New Drug Application ("ANDA") No. 208344 ("Lupin's ANDA") to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)).  Upon information and belief, Lupin's ANDA seeks FDA approval to engage in the commercial manufacture, use, sale, or offer for sale

of tablets containing 9 mg of budesonide ("Lupin Generic Product") prior to the expiration of the '651 patent, the '799 patent, the '888 patent, and the '716 patent.

25.　　　Upon information and belief, pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act, Lupin certified in ANDA No. 208344, *inter alia*, that the claims of the '651 patent, the '799 patent, and the '888 patent are invalid, unenforceable, and/or would not be infringed by the commercial manufacture, use, offer for sale, and/or sale of the Lupin Generic Product.

26.　　　Plaintiff Cosmo and Santarus, Inc., which is Valeant S.à r.l.'s and VPI's predecessor-in-interest in the licenses to the patents-in-suit, received written notification of Lupin's filing of its ANDA and its accompanying § 505(j)(2)(A)(vii)(IV) certifications directed to, *inter alia,* the '651 patent, the '799 patent, and the '888 patent in a letter dated June 16, 2015 and sent via Federal Express ("Lupin's Paragraph IV Notice Letter").

27.　　　This action was originally commenced by Plaintiff Cosmo and Santarus, Inc., within 45 days of the date of the receipt of Lupin's Paragraph IV Notice Letter.

### FIRST COUNT
### (Infringement by Lupin of U.S. Patent No. 7,410,651)

28.　　　Plaintiffs re-allege paragraphs 1-27 as if fully set forth herein.

29.　　　Lupin's submission of ANDA No. 208344 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constitutes infringement of the '651 patent under 35 U.S.C. § 271(e)(2)(A), either literally and/or under the doctrine of equivalents.

30.　　　Moreover, if Lupin manufactures, uses, sells, offers for sale, or imports into the United States the Lupin Generic Product, or induces or contributes to any such conduct, prior to the expiration of the '651 patent, including any applicable exclusivities or extensions,

Lupin would further infringe the '651 patent under 35 U.S.C. § 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.

31.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Lupin's ANDA No. 208344 be a date that is not earlier than the expiration of the term of the '651 patent, including any extension(s) granted by the U.S. Patent and Trademark Office ("PTO") pursuant to 35 U.S.C. §§ 154 or 156, or any later expiration of exclusivity for the '651 patent to which Plaintiffs are or become entitled.

32.     Plaintiffs will be irreparably harmed by Lupin's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

33.     Upon information and belief, Lupin was aware of the existence of the '651 patent and was aware that the filing of its ANDA and accompanying § 505(j)(2)(A)(vii)(IV) certification with respect to the '651 patent constituted an act of infringement of the '651 patent.

## SECOND COUNT
### (Infringement by Lupin of U.S. Patent No. RE 43,799)

34.     Plaintiffs re-allege paragraphs 1-33 as if fully set forth herein.

35.     Lupin's submission of ANDA No. 208344 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constitutes infringement of the '799 patent under 35 U.S.C. § 271(e)(2)(A), either literally and/or under the doctrine of equivalents.

36.     Moreover, if Lupin manufactures, uses, sells, offers for sale, or imports into the United States the Lupin Generic Product, or induces or contributes to any such conduct, prior to the expiration of the '799 patent, including any applicable exclusivities or extensions,

Lupin would further infringe the '799 patent under 35 U.S.C. § 271(a), (b), and/or (c), either literally and/or under the doctrine of equivalents.

37.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Lupin's ANDA No. 208344 be a date that is not earlier than the expiration of the term of the '799 patent, including any extension(s) granted by the PTO pursuant to 35 U.S.C. §§ 154 or 156, or any later expiration of exclusivity for the '799 patent to which Plaintiffs are or become entitled.

38.     Plaintiffs will be irreparably harmed by Lupin's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

39.     Upon information and belief, Lupin was aware of the existence of the '799 patent and was aware that the filing of its ANDA and accompanying § 505(j)(2)(A)(vii)(IV) certification with respect to the '799 patent constituted an act of infringement of the '799 patent.

## THIRD COUNT
### (Infringement by Lupin of U.S. Patent No. 8,784,888)

40.     Plaintiffs re-allege paragraphs 1-39 as if fully set forth herein.

41.     Lupin's submission of ANDA No. 208344 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constitutes infringement of the '888 patent under 35 U.S.C. § 271(e)(2)(A), either literally and/or under the doctrine of equivalents.

42.     Moreover, if Lupin manufactures, uses, sells, offers for sale, or imports into the United States the Lupin Generic Product, or induces or contributes to any such conduct, prior to the expiration of the '888 patent, including any applicable exclusivities or extensions, Lupin would further infringe the '888 patent under 35 U.S.C. § 271(a), (b), and/or (c), either literally and/or under the doctrine of equivalents.

43.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Lupin's ANDA No. 208344 be a date that is not earlier than the expiration of the term of the '888 patent, including any extension(s) granted by the PTO pursuant to 35 U.S.C. §§ 154 or 156, or any later expiration of exclusivity for the '888 patent to which Plaintiffs are or become entitled.

44.     Plaintiffs will be irreparably harmed by Lupin's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

45.     Upon information and belief, Lupin was aware of the existence of the '888 patent and was aware that the filing of its ANDA and accompanying § 505(j)(2)(A)(vii)(IV) certification with respect to the '888 patent constituted an act of infringement of the '888 patent.

## FOURTH COUNT
### (Infringement by Lupin of U.S. Patent No. 9,320,716)

46.     Plaintiffs re-allege paragraphs 1-45 as if fully set forth herein.

47.     Lupin's submission of ANDA No. 208344 to the FDA constitutes infringement of the '716 patent under 35 U.S.C. § 271(e)(2)(A), either literally and/or under the doctrine of equivalents.

48.     Moreover, if Lupin manufactures, uses, sells, offers for sale, or imports into the United States the Lupin Generic Product, or induces or contributes to any such conduct, prior to the expiration of the '716 patent, including any applicable exclusivities or extensions, Lupin would further infringe the '716 patent under 35 U.S.C. § 271(a), (b), and/or (c), either literally and/or under the doctrine of equivalents.

49.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Lupin's ANDA

No. 208344 be a date that is not earlier than the expiration of the term of the '716 patent, including any extension(s) granted by the PTO pursuant to 35 U.S.C. §§ 154 or 156, or any later expiration of exclusivity for the '716 patent to which Plaintiffs are or become entitled.

50.	Plaintiffs will be irreparably harmed by Lupin's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

51.	Upon information and belief, Lupin was aware of the existence of the '716 patent and was aware that the filing of its ANDA constituted an act of infringement of the '716 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A.	That Lupin has infringed one or more claims of the '651 patent;

B.	That Lupin has infringed one or more claims of the '799 patent;

C.	That Lupin has infringed one or more claims of the '888 patent;

D.	That Lupin has infringed one or more claims of the '716 patent;

E.	That pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of ANDA No. 208344 under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) shall not be a date that is earlier than the latest expiration date of the patents-in-suit, including any applicable exclusivities or extensions;

F.	That Lupin, its officers, agents, servants and employees, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from commercially manufacturing, using, offering to sell, selling, or importing into the United States the Lupin Generic Product and any other product that infringes or induces or contributes to the infringement of one or more claims of the '651 patent, the '799 patent, the '888 patent, and the

'716 patent prior to their expiration, including any exclusivities or extensions to which Plaintiffs are or become entitled;

G.     That Plaintiffs be awarded the attorney fees, costs, and expenses that they incur prosecuting this action; and

H.     That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Melanie R. Rupert
David M. Conca
Nicholas A. Tymoczko
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

August 5, 2016