IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COSMO TECHNOLOGIES LIMITED, VALEANT PHARMACEUTICALS INTERNATIONAL, and VALEANT PHARMACEUTICALS LUXEMBOURG S.À R.L., <br><br> Plaintiffs, <br><br> v. <br><br> LUPIN LTD. and LUPIN PHARMACEUTICALS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) C.A. No. 15-669 (LPS) ) ) REDACTED - PUBLIC ) VERSION ) ) ) |

## PLAINTIFFS' OPPOSITION TO LUPIN'S MOTION
## FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT

OF COUNSEL:

Gary Frischling
Yite John Lu
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
(310) 277-1010
*Attorneys for Cosmo Technologies Limited*

David M. Conca
Melanie R. Rupert
Nicholas A. Tymoczko
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
(212) 318-6000
*Attorneys for Valeant Pharmaceuticals International and Valeant Pharmaceuticals Luxembourg S.à. r.l*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

May 17, 2017 - Original Filing Date
May 24, 2017 - Redacted Filing Date

Plaintiffs Cosmo Technologies Limited ("Cosmo"), Valeant Pharmaceuticals International ("VPI"), and Valeant Pharmaceuticals Luxembourg S.à r.l. ("Valeant S.à r.l.") (collectively, "Plaintiffs") oppose Lupin Ltd. and Lupin Pharmaceuticals, Inc.'s (collectively, "Lupin") Motion for Leave to File a Motion for Summary Judgment of Noninfringement of all of the asserted claims of U.S. Patent No. 7,410,651 ("the '651 patent), U.S. Patent No. RE 43,799 ("the '799 patent"), U.S. Patent No. 8,784,888 ("the '888 patent") and asserted claims ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇ of U.S. Patent No. 9,320,716 ("the '716 patent").  For the reasons set forth below, Plaintiffs respectfully request that the Court deny Lupin's motion.

**I.      INTRODUCTION**

Lupin's motion for early summary judgment rests on one highly scientific assertion: ▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Notably, Lupin omits any discussion of the key factual dispute, which is whether Lupin's ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇ *as it is used in Lupin's ANDA formulation*.  Lupin carefully avoids the issue because asserting that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ would run directly contrary to Plaintiffs' infringement assertions and thus demonstrate a genuine issue of material fact that would prevent summary judgment altogether, let alone a special request to submit a summary judgment motion prior to the commencement of expert discovery.

Lupin's motion relies almost entirely on citations to Dr. Davis's rebuttal expert report and deposition testimony from a related case that are taken out of context.  Lupin neglected to include the contextual portions of the deposition transcript necessary to understand Dr. Davis's testimony.  For example, Lupin failed to include the pages prior to its cited testimony in which ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

███

Moreover, Lupin did not attend Dr. Davis's two-day deposition and not a single question related either to Lupin's ANDA Product or to the ███ contained in Lupin's ANDA Product. In the proper context, Dr. Davis's rebuttal expert report and testimony was ███

Further, Lupin's assertions that there is no issue of material fact are belied by the testimony of ███, Lupin's Rule 30(b)(6) witness on the development of its ANDA Product. ███ Lupin cannot reasonably expect to succeed on summary judgment relying solely on unrelated, out-of-context testimony by Dr. Davis in a separate case. This is especially true here, where Lupin's argument is contradicted by testimony from its own Rule 30(b)(6) witness on the issue.

Nor can Lupin reasonably expect that summary judgment briefing will shorten the remaining time left in the schedule when a trial for this case is set to begin in only five months. Instead, Lupin's motion seems timed to distract Plaintiffs from preparing for a trial against first-

---

1 ███ submitted fourteen pages of deposition errata, but did not seek to modify this testimony. (Ex. 4.)

wave defendants Actavis and Alvogen that begins on May 22, 2017. (D.I. 131 at 2, n.2.) Indeed, Lupin refused Plaintiffs' reasonable request to postpone briefing on this motion just two weeks until after the first-wave trial concluded. (Ex. 5, May 5, 2017 email from A. Cheek to N. Tymoczko.)



(Ex. 7, July 2014 Guidance for Industry ANDA Submissions – Amendments and Easily Correctable Deficiencies Under GDUFA, at 7; Ex. 8, October 19, 2010 FDA Response to Genzyme Corp.'s Citizen Petition, at 7-8.)                                                                                      oreover, Lupin's current 30-month stay of FDA approval does not expire until December 2017. There is simply no reason at this time for the Court to permit summary judgment proceedings and modify the timeline of the second-wave cases from the existing agreed-upon and Court-ordered schedule.

## II.   STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Expert discovery in this case is just beginning. Opening expert reports are due on June 1, 2017, after the conclusion of the first-wave trial against Actavis and Alvogen. Rebuttal expert reports are due on July 7, 2017. (D.I. 134.) Reply expert reports are due on July 27, 2017.

3

There have been no expert depositions taken or scheduled in the second-wave cases. A four-day bench trial is scheduled to begin on October 30, 2017.

**III.     SUMMARY OF INFRINGEMENT ARGUMENTS**

[redacted]

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████.

But even in the unlikely event that Lupin's request for early summary judgment was granted, and the even more unlikely event that Lupin prevailed, this case would still need to proceed to trial because Lupin's summary judgment request does not even address all of the asserted claims. (D.I 131, at 2 (noting that nine claims are not subject to Lupin's request for early summary judgment).)

Most importantly, Lupin has not demonstrated the absence of a material fact warranting summary judgment briefing here. Lupin has further not shown that granting summary judgment will avoid the need for a trial or that there is any compelling reason to modify the case schedule,

██████████████████████████████████████████████████████████████████

██████████████████████████.

## IV. CONCLUSION

For the foregoing reasons, Lupin's motion seeking leave to file a motion for summary judgment should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

_____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

5

OF COUNSEL:

Gary Frischling
Yite John Lu
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
(310) 277-1010
*Attorneys for Cosmo Technologies Limited*

David M. Conca
Melanie R. Rupert
Nicholas A. Tymoczko
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
(212) 318-6000
*Attorneys for Valeant Pharmaceuticals*
*International and Valeant Pharmaceuticals*
*Luxembourg S.à. r.l*

May 17, 2017 - Original Filing Date
May 24, 2017 - Redacted Filing Date